**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION**

**STEPHEN HACKER,**

    **Plaintiff,**

vs.                                                                            **Case No.:**

**TYLER GIBBS**

    **Defendants.**                                      **JURY TRIAL DEMANDED**

**COMPLAINT**

    COMES NOW the Plaintiff Stephen Hacker, by and through the undersigned counsel, and alleges the following for his causes of action against Defendant Tyler Gibbs:

**PRELIMINARY STATEMENT**

    1.    This matter concerns a claim for civil damages by Plaintiff Stephen Hacker against Defendant Tyler Gibbs.

    2.    On November 13, 2021, Defendant Gibbs physically assaulted Mr. Hacker in Ironton, Ohio. Said assault caused Mr. Hacker to sustain severe and permanent injury, including a loss of consciousness and a broken tibia.

**JURISDICTION AND VENUE**

    3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, as Mr. Hacker is a resident of the State of Ohio and Defendant Gibbs is a resident of the Commonwealth of Kentucky and the matter in controversy exceeds $75,000.00.

    4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because substantially all of the events that give rise to the claims in this action occurred in Lawrence

County, Ohio and said county is situated within the bounds of this Court's geographic area of responsibility.

## THE PARTIES

5. Plaintiff Stephen Hacker (hereinafter "Mr. Hacker") is a citizen and resident of the State of Ohio and was at all relevant times herein.

6. Defendant Tyler Gibbs (hereinafter "Defendant Gibbs") is a citizen and resident of the Commonwealth of Kentucky who, upon information and belief, resides at 5048 Banbury Road, Ashland, Boyd County, Kentucky.

## FACTUAL ALLEGATIONS

7. On November 13, 2022, Mr. Hacker was a patron at Murphy's Bar located at 1810 South 3rd Street, Ironton, Ohio.

8. As Mr. Hacker and two female friends were exiting the front door at Murphy's Bar, Mr. Hacker was attacked by Defendant Gibbs.

9. Defendant Gibbs began to punch and kick Mr. Hacker until Mr. Hacker lost consciousness.

10. After Mr. Hacker became unconscious, Defendant Gibbs continued to punch and kick Mr. Hacker before fleeing from the scene.

11. Mr. Hacker sustained several severe injuries, including, but not limited to, a laceration of his left ear, a laceration of his lip, and a closed fracture of his right tibia.

## Count I
### (State Law Claim for Assault and Battery Against Defendant Gibbs)

12. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

13. On November 13, 2021, Defendant Gibbs threatened bodily harm against Mr. Hacker by forcefully grabbing Mr. Hacker without authority or reason to do so, and striking Mr. Hacker with multiple punches and kicks, which caused Mr. Hacker to be in fear of imminent bodily harm.

14. On November 13, 2021, Defendant Gibbs did intentionally, and without permission or warning, touch and injure Mr. Hacker.

15. Defendant Gibbs battered Mr. Hacker with malicious purpose, and/or in bad faith, and/or in a reckless and/or wanton manner.

16. As a direct and proximate result of being battered by Defendant Gibbs, Mr. Hacker endured and suffered, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

## Count II
### (State Law Claim Against Defendant Gibbs for Negligence)

17. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

18. Alternatively, Defendant Gibbs was negligent in causing injury to Mr. Hacker.

19. On November 13, 2021, Defendant Gibbs had a duty to act as a reasonable and prudent person in his interactions with Mr. Hacker.

20. Defendant Gibbs breached his duty to act as a reasonable and prudent person in his interactions with Mr. Hacker on November 13, 2021 by, *inter alia*, physically contacting Mr. Hacker in such a manner as to cause injury to Mr. Hacker.

21. The actions of Defendant Gibbs were the direct and proximate cause of the injuries sustained by Mr. Hacker on November 13, 2021.

22.     As a direct and proximate result of being negligently touched by Defendant Gibbs, Mr. Hacker endured and suffered, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

<u>**Count III**</u>
**(State Law Claim Against Defendant Gibbs for Intentional Infliction of Emotional Distress)**

23.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

24.     The acts and conduct of Defendant Gibbs, as set forth above, is extreme and outrageous.  Defendant intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Mr. Hacker, as is more fully alleged above.

25.     Said actions and conduct, the physical contact and threat of physical contact by Defendant Gibbs towards Mr. Hacker on November 13, 2021, did directly and proximately cause severe emotional distress to Mr. Hacker, and thereby constituted intentional infliction of emotional distress.

26.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

27.     As a direct and proximate result of Defendant's wrongful acts, Mr. Hacker suffered damages, including, but not limited to, severe emotional distress and anguish, as is more fully alleged above.

WHEREFORE, Plaintiff Stephen Hacker, prays for judgment against Defendant Tyler Gibbs for:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff Stephen Hacker for his injuries, damage, and loss;

b. Punitive damages against Defendant in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff Stephen Hacker is entitled and/or the Court deems necessary and just.

*/s/ Tyler C. Haslam*
Tyler C. Haslam (Ohio Bar No. 0086861)
**HASLAM LAW FIRM LLC**
Post Office Box 585
Huntington, West Virginia 25710
T: (855) 225-3750
F: (304) 948-8282
tyler@haslamlawfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Tyler C. Haslam*
Tyler C. Haslam (Ohio Bar No. 0086861)
**HASLAM LAW FIRM LLC**
Post Office Box 585
Huntington, West Virginia 25710
T: (855) 225-3750
F: (304) 948-8282
tyler@haslamlawfirm.com